IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-806-D

| | |
|---|---|
| DANIEL SPULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CASHCALL, INC., and ) | |
| DELBERT SERVICES CORPORATION, ) | |
| ) | |
| Defendants. ) | |

On December 18, 2013, defendants Cashcall, Inc. and Delbert Services Corporation filed a joint motion to dismiss or in the alternative to stay and compel arbitration. See [D.E. 11]. On February 7, 2014, plaintiff Daniel Spuller responded in opposition. See [D.E. 14]. On February 24, 2014, defendants replied. See [D.E. 15].

Spuller has not plausibly alleged that either defendant obtained the forum selection clause by fraud or overreaching. See, e.g., Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991); Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974); Bryant Elec. Co. v. City of Fredericksburg, 762 F.2d 1192, 1197 (4th Cir. 1985); cf. Compl. [D.E. 1-3] ¶¶ 1–58; Fed. R. Civ. P. 9(b). Moreover, North Carolina public policy does not invalidate the forum selection clause. See, e.g., M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9–12 (1972); Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010). Finally, Spuller has not plausibly alleged that the claims at issue are not suitable for arbitration. See, e.g., Rent-A-Ctr., W., Inc. v. Jackson, 130 S. Ct. 2772, 2777–79 (2010); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443–46 (2006); Green Tree Fin. Corp. - Alabama v. Randolph, 531 U.S. 79, 91–92 (2000).

In light of the contract's forum selection clause, the court GRANTS the motion to dismiss [D.E. 14]. See, e.g., Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct.

568, 583 n.8 (2013); Albemarle Corp., 628 F.3d at 650.

SO ORDERED. This 5 day of March 2014.

/s/ James Dever<br>
JAMES C. DEVER III<br>
Chief United States District Judge